UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| DEIRDRE NICOLLE WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>　　　　　Defendant. | 2:12-cv-01021-PMP -VCF<br><br>**ORDER**<br><br><br>**(Motion To Compel Discovery and Request for Sanctions #14)** |

　　Before the court is plaintiff Deirdre Nicolle Williams' Motion To Compel Discovery and Request for Sanctions. (#14). Defendant filed an Opposition (#16), and plaintiff did not file a Reply. The court held a hearing on December 13, 2012.

**Background**

　　On May 15, 2012, plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, asserting claims for breach of contract, breach of fiduciary duty, and insurance bad faith. (#2-1 "Exhibit A"). The action was removed to this court on June 15, 2012, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441. (#1). On June 22, 2012, defendant filed an answer to the complaint. (#7). On July 17, 2012, the parties filed a discovery plan and scheduling order (#9), which the court signed on July 18, 2012. (#10). On September 20, 2012, plaintiff filed a motion to amend her complaint. (#11). On October 5, 2012, defendant filed a response to the motion to amend the complaint. (#12). Plaintiff filed the instant motion on October 19, 2012. (#14). Defendant filed a response on November 5, 2012. (#16). Plaintiff's reply was due by November 15, 2012. (#16). No

reply was filed. On November 12, 2012, the parties filed a stipulation for extension of time for discovery (#17), which the court signed on November 14, 2012.  (#18). On November 29, 2012, the court issued a minute order scheduling a hearing for December 13, 2012.  (#19).

**Motion To Compel and for Sanctions**

    **A.    Arguments**

Plaintiff asks this court to compel defendant to provide plaintiff with (1) identification of insurance policy information (Interrogatory No. 1); (2) information regarding the last five former Globe Life employees who have filed suit against defendant (Interrogatory No. 3); and (3) all insurance bad faith lawsuits against defendant in a five-year period (Interrogatory No. 4).  (#14).

    **1.    Identification of Insurance Policy Information (Interrogatory #1)**

Plaintiff requested  in her Interrogatory No. 1. the name and address of the insured person under policy number 00-R332095. (#14-1).  Defendant responded that the document speaks for itself and would not provide an answer.  *Id.*  Plaintiff argues in the motion to compel that defendant's response was inappropriate.  (#14).  Plaintiff claims defendant must identify or attach a document in response to the interrogatory rather than claiming the insurance policy speaks for itself.  *Id.*

Defendant asserts in its opposition that the response provided to plaintiff is sufficient.  (#16). Defendant states it has identified the documents and provided the insurance policy and accidental death benefit rider, and thus does not need to provide sworn testimony regarding the name and address of the insured.  *Id.*

    **2.    Information Regarding Globe Life Former Employees (Interrogatory #3)**

Plaintiff requested in her Interrogatory No 3. the name, address, and phone number of the last five former Globe Life employees who have filed suit against defendant. (#14-1).  Plaintiff also requested the court and case number of each lawsuit.  *Id.*   Defendant objected to this interrogatory, stating that the information sought was irrelevant, confidential, and privileged.  *Id.*  Plaintiff argues in

the instant motion to compel that defendant's response was evasive. (#14). Plaintiff claims this information is likely to lead to the discovery of admissible evidence, because "[n]o one is more likely to tell the truth about how defendant handles claims than an ex-employee, especially [one] who has already expressed their displeasure with Globe Life." *Id.* Plaintiff states the request is not overbroad or unduly burdensome, because it seeks only basic information for five claims. *Id.* Plaintiff also notes the information is public record and argues that it is easier for defendant to obtain and produce the information. *Id.*

Defendant asserts in its opposition that information regarding former employees is "irrelevant and is an impermissible 'fishing expedition'." *Id.* Defendant asserts former employees have a right to privacy and turning over information about them would violate that right. *Id.* Defendant also states that the request is not "reasonably calculated to lead to the discovery of admissible evidence" and the notion that it will lead to truthful information is unsubstantiated and incorrect. *Id.* Defendant notes that former employees suing Globe Life would lack credibility due to prejudice against the company. *Id.* Defendant argues that lawsuits filed by former employees could relate to a number of things that would have no relation to the matter at hand. *Id.*

### 3. Information Regarding Globe Life Lawsuits (Interrogatory #4)

Plaintiff requested in her Interrogatory No. 4. the case name, number, and court of filing for all insurance bad faith lawsuits against defendant over a five year period (May 10, 2009 - May 10, 2012). (#14-1). Defendant objected and stated that the information was irrelevant, confidential, and privileged. *Id.* Plaintiff argues in her motion to compel that this information is likely to lead to the discovery of admissible evidence, because it will help establish a pattern of practice by defendant. (#14). Plaintiff also asserts that defendant was evasive in its response, because the objection did not fit the interrogatory. *Id.*

Defendant asserts in its opposition that this request is also not "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Defendant claims allegations against Globe Life are inadmissible evidence and are irrelevant to the matter at hand. *Id.* Defendant further states that the request is overbroad and meant only to harass defendant. *Id.* Defendant cites to a case from the Eastern District of Pennsylvania, *Dombach v. Allstate Insurance Company*, 1998 U.S. Dist. LEXIS 15611, wherein a request for information regarding other bad faith cases was denied as overbroad. *Id.*

Defendant also asserts that the information sought is "equally available" to plaintiff. *Id.* Defendant notes since the information is public record, plaintiff should bear the burden of searching court records rather than unfairly forcing defendant to "manually review . . . internal claims files." *Id.*

**4.     Request for Sanctions**

Plaintiff requests sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4). *Id.* Plaintiff states that attempts were made to resolve the issue with judicial intervention, but defendant "obstruct[ed] . . . the discovery process." *Id.* Defendant asserts that attorneys' fees should not be awarded, as the objections laid out in its responses and during a meeting with plaintiff were substantially justified. *Id.* Because the objections are valid and plaintiff is not entitled to further information, defendant argues that plaintiff should not receive attorneys' fees or costs. *Id.*

**B.     Relevant Law/Discussion**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance

for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*.

"[A] party may serve on any other party no more than 25 written interrogatories," and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath," and "[t]he grounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(a)(1) and (b)(3) and (4). Rule 33(d) states that if an answer to an interrogatory is obtained by going through "a party's business records (including electronically stored information)" and the burden of discovering the answer would be the same for either party, the responding party may answer the interrogatory by 1) "specifying the records that must be reviewed" with enough detail for them to be located, and 2) allowing the interrogating party "a reasonable opportunity" to go through the records and make copies. Fed. R. Civ. P. 33(d).

Pursuant to Rule 37(a)(1), "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." In addition, Rule 37(a)(4) provides "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Pursuant to Rule 37(a)(3)(B)(iii), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to answer an interrogatory submitted under Rule 33..." Fed. R. Civ. P. 37(a)(3)(B)(iii).

The court finds that the information sought in Interrogatory No. 1 is clearly relevant to plaintiff's claims. *See Oppenheimer Fund*, 437 U.S. at 351; Fed. R. Civ. P. 26(b)(1). During the hearing, the court asked the parties if there was a dispute regarding whether plaintiff is the named beneficiary on the

insurance policy.  The parties stated that there was no dispute.  The parties represented that there was also no dispute regarding the insured and the time and location of his death.  Defense counsel represented that a copy of the insurance policy was provided to plaintiff, but that the copy was not certified.  Defendant must provide a conformed, certified copy of the policy at issue to Mr. Kossack by December 20, 2012.  The motion (#14) is granted with regard to Interrogatory No. 1.

With regard to Interrogatory No. 3, defense counsel represented during the hearing that the company does not have a list of the last five actions that were filed by past employees against the defendant. Defense counsel also argued that "prior bad acts" are not relevant to this action, and that defendant should not be compelled to answer Interrogatory No. 4.  Defendant asserted that plaintiff is equally as capable of searching all bad faith claims, and that defendant does not maintain a list of such claims.

The court partially grants the request to compel answers to Interrogatories Nos. 3 and 4.  On or before December 20, 2012, defendant must provide plaintiff all jurisdictions where defendant conducted business between May 10, 2009, and the present.  Plaintiff may choose to  investigate this case by contacting former employees of defendant, subject to the restrictions imposed by the Nevada Rule of Professional Conduct regarding contacted certain employees of business entities represented by counsel. Nevada Rule of Professional Conduct 4.2; *See also Palmer v. Pioneer Inn Associates, Ltd.*, 118 Nev. 943, 59 P.3d 1237 (2002); *Palmer v. Pioneer Inn Associates, Ltd.*, 338 F.3d 981 (9th Cir. 2003).

Plaintiff may also contact individuals who have made bad faith claims against the defendant. The task of searching public records to locate these potential witnesses is not a heavy burden for plaintiff or her counsel.  Developing such evidence is collateral to the claims and defenses asserted in this action.  Good cause does not exist to impose on the defendant the burden of searching its records to collect the information requested in Interrogatories Nos. 3 and 4.  As the court is granting in part and

denying in part plaintiff's motion (#14), as discussed above, sanctions are not appropriate. *See* Fed. R. Civ. P. 37.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Deirdre Nicolle Williams' Motion To Compel Discovery and Request for Sanctions (#14) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that, on or before December 20, 2012, defendant must provide plaintiff with a conformed, certified copy of the insurance policy at issue.

IT IS FURTHER ORDERED that, on or before December 20, 2012, defendant must provide plaintiff all jurisdictions where defendant conducted business between May 10, 2009, and the present.

DATED this 13th day of December, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE