1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

DEIRDRE NICOLE WILLIAMS,

              Plaintiff,

vs.

GLOBE LIFE AND ACCIDENT INSURANCE COMPANY,

              Defendant.

2:12-cv-01021-PMP-VCF

**ORDER**

**(Motion for Protective Order #26 and Emergency Motion to Quash Subpoenas #27)**

Before the Court is Defendant Globe Life and Accident Insurance Company's Motion for Protective Order (#26) and the City of North Las Vegas's (the "City") Emergency Motion to Quash Subpoenas to Sergeant Justin Ryan and Detective Edwing Melgarejo of the North Las Vegas Police Department (#27). The Plaintiff filed a Response to Motion for Protective Order (#28) and a Response to Emergency Motion to Quash Subpoenas (#30). Defendant Globe Life and Accident Insurance Company filed a Response to the Emergency Motion to Quash Subpoenas to Sergeant Justin Ryan and Detective Edwing Melgarejo of the North Las Vegas Police Department (#29). The Defendant filed a Reply to the Plaintiff's Response to Motion for Protective Order (#34), and the City filed a Reply to the Plaintiff and Defendant's Responses to Emergency Motion to Quash Subpoenas (#35).

The Court held a hearing on February 22, 2013. (#37). Wade Hansard, Esq. and Meredith Holmes, Esq., appeared on behalf of the Defendant, and Sandra Morgan, Esq. appeared on behalf of the City. *Id.* Robert Kossack, Esq., counsel for the Plaintiff, did not appear. *Id.*

**Procedural Background**

On February 12, 2013, this court entered a minute order, ordering that the replies in support of Defendant Globe Life and Accident Insurance Company's Motion for Protective Order (#26) and

1  Emergency Motion to Quash Subpoenas to Sergeant Justin Ryan and Detective Edwing Melgarejo of the

2  North Las Vegas Police Department (#27) were due on or before February 19, 2013. (#31). The court

3  also stayed further the following depositions:

4          1. Detective Edwing Melgarejo on February 14, 2013 at 1:00 p.m.; and,

5          2. Person Most Knowledgeable at Globe Life and Accident Insurance Company regarding

6              the handling of the claim by Deidre Nicole Williams or her attorney for life insurance

7              benefits under policy 00-R332095 on February 14, 2013 at 3:00 p.m.; and,

8          3. Sergeant Justin Ryan on February 15, 2013 at 9:00 a.m. *Id.*

9          On February 22, 2013, the Court held a hearing wherein it addressed the two instant motions

10 (#26 and #27). (#37).

11 **The City of North Las Vegas' Motion To Quash Subpoenas**

12         The City moved to quash both Plaintiff and Defendant's subpoenas of Detective Edwing

13 Melgarejo and Sergeant Justin Ryan. (#27). The City argued that the subpoenas should be quashed as

14 any information or testimony from Detective Melgarejo or Sergeant Ryan is protected by the law

15 enforcement privilege. *Id.* During the hearing, the Court addressed the arguments raised in the

16 Plaintiff's Response to the Motion (#30), particularly the three general questions that Plaintiff's counsel

17 would like to ask Detective Melgarejo during the deposition. (#37). The court also addressed the

18 Defendant's broader subpoena. *Id.* After hearing arguments from the parties, the court ordered the

19 parties to meet and confer and, within two (2) weeks from the date of hearing, to file a stipulated

20 discovery plan, including the agreed upon questions, and a stipulated protective order.[1] *Id.* The Court

21 ordered that if the parties are unable to agree upon questions, the Court would limit the questions as

22 follows:

23

24

25       [1] The protective order must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006)

**Plaintiff's Questions:**

    1.    Did you meet with Deirdre Williams on January 4, 2012?

    2.    Is she today a suspect in the investigation?

    3.    On January 4, 2012, did you inform her that she was not a suspect?

    4.    From January 4, 2012, until today's date, has anyone representing Global Life contacted you and, if so, did they inquire whether Deirdre Williams had yet been cleared as a suspect in the death of Jonathan Graves?

**Defendant's Questions (Answers Limited to the Detective's Knowledge Based on the File):**

    1.    Is there any basis at this time to believe Jonathan Graves was committing or attempting to commit an assault or felony at the time of death?  If the answer is yes, then no follow up questions are permitted.

    2.    Are you aware of anyone else in the department investigating whether Jonathon Graves was committing or attempting to commit an assault or felony at the time of death?

**<u>Defendant's Motion For Protection Order</u>**

    The Defendant moved this court for a Protective Order precluding the noticing of depositions of Globe Life employees in Las Vegas. (#26).  During the hearing, the Court addressed the presumption that the Plaintiff would have to depose the person most knowledgeable in Oklahoma. (#37).  The Court also heard representations from counsel regarding concerns with the burden of travel. *Id.*  The court ordered the Plaintiff to choose one of the following options:

    1.  **Deposition in Las Vegas.**  If Plaintiff chooses to have the deposition in Las Vegas, Nevada, then the Plaintiff must pay coach fare travel and reasonable accommodation for the person most knowledgeable.  When scheduling the deposition, the Plaintiff must coordinate with and give deference to the person most knowledgeable.

    2.  **Real Video Conference.**  If the Plaintiff chooses to use real video conferencing, then the Defendant must pay the costs.

1    Accordingly, and for good cause shown,

2        IT IS HEREBY ORDERED that, within two weeks from the date of the hearing, the parties must

3    file a stipulated discovery plan, including agreed upon questions, and a stipulated protective order.

4        IT IS FURTHER ORDERED that, if the parties are unable to agree upon questions, the questions

5    are limited to those herein.

6        IT IS FURTHER ORDERED that the Plaintiff must choose between (1) paying costs for holding

7    the deposition in Las Vegas, Nevada or (2) real video conferencing at the Defendant's expense.

8        DATED this ___ th day of February, 2013.

9

10

11                                                    CAM FERENBACH
                                                      UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25