McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
Wade M. Hansard
Nevada Bar No. 8104
  wade.hansard@mccormickbarstow.com
Jonathon W. Carlson
Nevada Bar No. 10536
  jonathon.carlson@mccormickbarstow.com
Daniel I. Aquino
Nevada Bar No. 12682
  daniel.aquino@mccormickbarstow.com
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone:    (702) 949-1100
Facsimile:     (702) 949-1101

Attorneys for Globe Life and Accident Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| DEIRDRE NICOLLE WILLIAMS,<br><br>             Plaintiff,<br><br>    v.<br><br>GLOBE LIFE AND ACCIDENT INSURANCE COMPANY; DOES 1-10,<br><br>             Defendants. | Case No. 2:12-cv-01021-PMP-VCF<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO APPROVE SETTLEMENT PURSUANT TO NRS 41B.400** |

The Motion of Defendant, GLOBE LIFE AND ACCIDENT INSURANCE COMPANY ("GLOBE LIFE"), for approval of settlement pursuant to NRS 41B.400 has come before this Honorable Court.

After considering the moving papers and all other matters presented, and based on the admissible evidence, this Court finds and rules as follows:

**I.  FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1.  Jonathan Graves, Jr., whose life was insured under a life insurance policy with Defendant GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, was shot and killed. Plaintiff WILLIAMS was the beneficiary under that policy.

2.  GLOBE LIFE made appropriate efforts to obtain necessary information from the North Las Vegas Police Department to discern whether or not Plaintiff had any role in the murder of Mr. Graves. However, these efforts were unsuccessful. This Court previously found that the North Las Vegas Police Department was not required to produce the requested information. No other information has been presented that from which GLOBE LIFE could acquire specific knowledge that Plaintiff WILLIAMS had killed Mr. Graves or aided in procuring his death in any way.

3.  Accordingly, the parties have proceeded to come to a settlement agreement. Recognizing that NRS 41B.400 carries stiff penalties for an insurer who pays policy benefits to a beneficiary with actual knowledge that the beneficiary killed the insured, the Court finds that GLOBE LIFE can pay the policy proceeds in good faith as it does not have any actual knowledge that Plaintiff Williams killed Mr. Graves, and has no actual knowledge that Plaintiff Williams is prohibited from acquiring or receiving funds under the policy pursuant to the provisions of NRS 41B.400.

## II. ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that GLOBE LIFE's Motion to Approve Settlement Pursuant to NRS 41B.400 is GRANTED.

IT IS SO ORDERED.

DATED this 16th day of December, 2013.

_____
HONORABLE DISTRICT COURT JUDGE

Submitted by:

DATED this 14th day of November, 2013

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By      /s/Wade M. Hansard
Wade M. Hansard, Nevada Bar No. 8104
Jonathon W. Carlson, Nevada Bar No. 10536
Daniel I. Aquino, Nevada Bar No. 12682
Attorneys for Globe Life and Accident Insurance Company